IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-27 Erie |
| | ) | |
| CLARENCE JUANE GAMBILL | ) | |

**GOVERNMENT'S PROPOSED POINTS FOR CHARGE**

        AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and respectfully submits the following proposed points for charge:

**COUNT 1**

I. <u>Elements of the Crime of Possession with Intent to Distribute Cocaine Base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)</u>

    A.    **INSTRUCTION NO. 1**

        Defendant Clarence Juane Gambill is charged with the crime of possession with intent to distribute five (5) grams or more of cocaine base, on or about January 14, 2005, in violation of federal law. It is against federal law to have cocaine base in your possession with the intention of distributing it to someone else. In order for you to find the defendant guilty of this crime, the government must prove each of the following essential elements beyond a reasonable doubt:

    <u>First</u>, that on or about January 14, 2005, the defendant possessed cocaine base with the intent to distribute it;

<u>Second</u>, that he did so knowingly and intentionally;

<u>Third</u>, that cocaine base is a Schedule II controlled substance, pursuant to federal law; and

<u>Fourth</u>, that the quantity of controlled substance possessed with intent to distribute included 5 grams or more of a mixture and substance containing a detectable amount of cocaine base.

>  <u>Authority</u>: <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348, 2362-63 (2000); "Federal Jury Practice and Instructions," Devitt, Blackmar, and O'Malley, 5th Edition, Sections 64.05, 64.06, 64.07 (2000); Manual of Model Criminal Jury Instructions, 8th Cir., Section 6.21.841A (2000 Edition); Pattern Crim. Jury Instr., 1st Cir., Section 4.22 (1998 Edition); Pattern Crim. Jury Instr., 11th Cir., Offense Instruction 73 (1997 Edition).

**B.**   **<u>INSTRUCTION NO. 2</u>**

<u>"Distribute" - Defined</u>

The term "to distribute," as used in these instructions, means to deliver or to transfer possession or control of something from one person to another. The term "to distribute" includes the sale of something by one person to another.

>  <u>Authority</u>: "Federal Jury Practice and Instructions," Section 64.04.

**C.**   **<u>INSTRUCTION NO. 3</u>**

<u>"Possession" - Defined</u>

The word "possess" means to own or to exert control over. The word "possession" can take on several different, but related,

meanings.

The law recognizes two kinds of "possession" – actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it. A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it. Constructive possession may be shown through either direct or circumstantial evidence. The kind of evidence that can establish dominion and control includes, for example, evidence that a defendant attempted to hide or destroy the contraband. On the other hand, mere proximity and knowledge of the existence and location of the contraband is insufficient to prove dominion and control.

The law recognizes also that "possession" may be sole or joint. If one person alone has actual or constructive possession of a thing, then possession is sole. If two or more persons share actual or constructive possession of a thing, then possession is joint. Thus, dominion and control need not be exclusive, but may be shared with others.

Accordingly, "possession" as that term is used in these instructions may be actual or constructive, either alone or jointly with others.

<u>Authority</u>:   "Federal Jury Practice and Instructions," Sections 16.05, 64.08; <u>United</u>

States v. Jenkins, 90 F.3d 814, 818-19 (3d Cir. 1996); United States v. Brown, 3 F.3d 673, 680 (3d Cir.), cert. denied, 510 U.S. 1017 (1993); United States v. Martorano, 709 F.2d 863, 866 (3d Cir.), cert. denied, 464 U.S. 993 (1983).

**D.** **INSTRUCTION NO. 4**

"With Intent to Distribute" - Defined

The phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over a thing to someone else, with or without any financial interest in the transaction.

In attempting to determine the intent of any person, you may take into your consideration all the facts and circumstances shown by the evidence received in the case concerning that person.

In determining a person's "intent to distribute" controlled substances, the jury may consider, among other things, the purity of the controlled substance, the quantity of the controlled substance, the presence of equipment used in the processing or sale of controlled substances, and large amounts of cash or weapons. For example, intent to distribute may be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that the defendant possessed a quantity of cocaine base – more than that which would be needed for personal use – then you may infer that the defendant intended to distribute the cocaine base. The law does not require you to draw such an inference, but you may draw it.

Authority: "Federal Jury Practice and

Instructions," Section 64.09 (modified). Pattern Crim. Jury Instr., 1st Cir., Section 4.22 (1998 Edition); Pattern Crim. Jury Instr., 11th Cir., Offense Instruction 73 (1997 Edition).

**E.   INSTRUCTION NO. 5**

"Knowingly" – Defined

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

Authority: "Federal Jury Practice and Instructions," Section 17.04.

**F.   INSTRUCTION NO. 6**

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person, and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to

you, however, to decide what facts to find from the evidence received during this trial.

        <u>Authority</u>: "Federal Jury Practice and Instructions," Section 17.07.

## II. GENERAL INSTRUCTIONS

### A. **INSTRUCTION NO. 7**

<u>Direct Evidence - Circumstantial Evidence</u>

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty. On the other hand, if you are convinced of the defendant's guilt beyond a reasonable doubt, your duty is to find him guilty.

        <u>Authority</u>: "Federal Jury Practice and Instructions," Section 12.04 (Modification).

### B. **INSTRUCTION NO. 8**

<u>Evidence Received in the Case -- Inferences Permitted</u>

The evidence in this case consists of the sworn testimony

of the witnesses -- regardless of who may have called them -- all exhibits received in evidence -- regardless of who may have produced them -- all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events.  When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.  You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of

the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

>   Authority: "Federal Jury Practice and Instructions," Section 12.03.

C.   **INSTRUCTION NO. 9**

>   Credibility of Witnesses -- Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of each witness, you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate

memory or recollection of those matters. Consider also any relation a witness may have to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, I suggest that you further ask yourself a few questions: Did the witness impress you as honest? Did the witness have a particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

If different parts of the testimony of any witness or

witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or of different witnesses, and you should do so if it can be done fairly and satisfactorily.  If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to the testimony that you feel it deserves.  You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

The testimony of a single witness -- even if not supported by any other evidence -- is sufficient to support a conviction.  Again, the weight and the sufficiency of the evidence is a matter for you, the jury, to decide.

>    Authority: "Federal Jury Practice and Instructions," Section 15.01 (modified); United States v. Perez, 280 F.3d 318, 344-45 (3d Cir. 2002); United States v. Isaac, 134 F.3d 199, 204-05 (3d Cir. 1998); United States v. Rockwell, 781 F.2d 985 (3d Cir. 1986); United States v. Danzey, 594 F.2d 905, 916 (2d Cir.), cert. denied, 99 S.Ct. 2179 (1979). See United States v. Smith, 563 F.2d 1316 (9th Cir. 1977), cert. denied, 434 U.S. 1201 (1978); United States v. Levi, 405 F.2d 380, 382 (4th Cir. 1968).

D.  **INSTRUCTION NO. 10**

Witness Who Has Pleaded Guilty

You have heard evidence that a government witness has pleaded guilty to crimes which arose out of the same or similar events for which the defendant is on trial here.  You may not consider the guilty plea of any witness as evidence that a defendant is guilty of the offenses charged in this Indictment.  Instead, you may consider that witness's guilty plea only for the purposes of assessing that witness's credibility, to eliminate any concern that a defendant has been singled out for prosecution, or to explain how that witness possessed first-hand knowledge regarding the events about which he testified.

>     Authority:  United States v. Universal Rehabilitation Servs. (PA),Inc., 205 F.3d 657, 668 (3d Cir. 2000).

E.  **INSTRUCTION NO. 11**

"On or About," "In or Around" Dates

The Indictment charges that the offenses occurred "on or about" and "in or around" certain dates.  The government does not have to prove that the offenses occurred on those exact dates, so long as the government proves beyond a reasonable doubt that the defendant committed the offenses on dates reasonably near the dates charged.

>     Authority:  "Federal Jury Practice and Instructions," Section 13.05; United States v. King, 703 F.2d 119, 123-24 (5th Cir. 1983); United States v. Ward, 676 F.2d 94, 96 (4th Cir. 1982); United States v. Francisco, 575

F.2d 815, 818 (10th Cir. 1978); <u>United States v. Somers</u>, 496 F.2d 723, 745 (3d Cir.), <u>cert. denied</u>, 419 U.S. 832 (1974); <u>United States v. Brody</u>, 486 F.2d 291, 292 (8th Cir. 1973), <u>cert. denied</u>, 417 U.S. 949 (1974).

**F.   INSTRUCTION NO. 12**

<u>Reasonable Doubt</u>

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. Reasonable doubt is what the term implies. The doubt must be reasonable. It is not a merely possible or imaginary doubt, because as you well know, everything relating to human affairs, and depending on oral testimony, is open to some possible or imaginary doubt. The government is not required to produce evidence that will exclude every possibility of a defendant's innocence. It is only required to prove his guilt beyond a reasonable doubt, not beyond all possible doubt.

While bearing in mind that it is rarely possible to prove anything to an absolute certainty, you must remember as well that a defendant must never be convicted on mere assumption, conjecture or speculation. Instead, the test is one of reasonable doubt.

A reasonable doubt is a doubt based upon reason and

common sense -- the kind of doubt that would make a reasonable person hesitate to act.  Unless the government proves, beyond a reasonable doubt, that a defendant has committed each and every essential element of an offense charged in the Indictment, you must find the defendant not guilty of that offense.

But if, after considering all of the evidence and giving the accused the benefit of a reasonable doubt, both as to the evidence presented or the lack of evidence, you are led to the conclusion that a defendant is guilty, you must find him guilty.

>    Authority: United States v. Isaac, 134 F.3d at 202-04; "Federal Jury Practice and Instructions," Section 12.10.

G.   **INSTRUCTION NO. 13**

Duty to Follow Instructions -- Sympathy and Prejudice

You, as jurors, are the judges of the facts.  But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you

made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less. It is not your privilege to be either vengeful or merciful -- you must be objective, and your verdict must be based solely on the facts as you find them from the evidence, and on the law given to you by the Court.

The punishment provided by law for the offenses charged in the Indictment is a matter for the Court to determine, and must not be discussed or even considered by the jury in any way in arriving at its verdict as to the guilt or non-guilt of a defendant.

>Authority: Pattern Jury Instructions, Fifth Circuit, Criminal Cases (1997 Ed.), Section 1.04; Pattern Jury Instructions, First Circuit, Criminal Cases (1998 Ed.), Section 3.01; Federal Jury Practice and Instructions, Sections 12.01, 20.01.

The government hereby requests leave to file supplemental proposed points for charge to the extent that new issues come to light during trial.

>Respectfully submitted,
>
>MARY BETH BUCHANAN
>United States Attorney
>
>/S/ Christian A. Trabold for
>MARSHALL J. PICCININI
>Assistant U.S. Attorney
>PA ID #56362